HON. LEONARD LAPIDUS Acting Superintendent of Banks, Banking Department
This is in response to your request for an opinion as to whether section 670 of the Banking Law prohibits an out-of-state savings and loan association from employing the services of a New York trust company as its agent to perform certain ministerial duties for it in New York. You indicate that the New York trust company would serve as an "authenticating agent" for an out-of-state savings and loan association which seeks to sell certificates of deposit to New Yorkers. You describe the proposed duties as including the countersigning of the certificates of deposit at the time of purchase, transferring the payment for the certificate, and accepting surrender of the certificate at maturity to effect repayment.
Section 670 of the Banking Law provides in part that it is a misdemeanor for any person or corporation to act as agent or representative of an out-of-state savings and loan association which is not licensed to do business in New York.
It appears that section 670 is an extension of the prohibition contained in section 408 of the Banking Law which prohibits a foreign corporation from transacting a savings and loan association business in New York.
Because section 670 is a penal provision, it must be strictly construed (McKinney's Statutes, § 271(a)). Section 670 clearly prohibits a person or corporation from acting as an "agent or representative" for an out-of-state savings and loan association. "Agent or representative" is not defined by the statute, but these terms must be given their usual, ordinary meaning (McKinney's Statutes, § 271(c)). The essence of an agency relationship is action by one on behalf of another. Although the acts to be performed in the instant situation are described as "ministerial", they remain the acts of one on behalf of another. The extent and nature of the actions performed on behalf of the out-of-state savings and loan association do not remove the parties from an agency relationship.
I am unable to give this statute any other meaning than its obvious import. The intention of the Legislature was to prohibit a foreign savings and loan association from doing business in New York without a license, either by agent or otherwise. To allow a New York trust company to act for an out-of-state savings and loan association would subvert the Legislature's purpose.
Therefore, I conclude that section 670 of the Banking Law prohibits an out-of-state savings and loan association from employing the services of a New York trust company as its agent to perform certain ministerial duties for it in New York.